# Exhibit A



William W. Fick
TEL: 857-321-8360
FAX: 857-321-8361
WFICK@FICKMARX.COM

September 12, 2025

**By E-Mail**
Nadine Pellegrini, Esq.
David Holcomb, Esq.
Assistant United States Attorneys
United States Attorney's Office
One Courthouse Way
Boston, MA 02210

Re:   *United States v. Petrova,* **No. 1:25-cr-10272-LTS (D. Mass.)**

Dear Counsel:

We write to request the following additional discovery pursuant to Fed. R. Crim. P. 16, the Local Rules, and the Court's order on June 12, 2025, to disclose exculpatory evidence pursuant to the Due Process Protections Act, Public Law 116-182, 134 Stat. 894 (Oct. 21, 2020), and Fed. R. Crim. P. 5(f).

1. A complete copy of Ms. Petrova's A-File (both the "left side" and the "right side").

2. The six reports and eight images referenced on page 2 of ROI BO07WE25BO0001-002:

    1. SI_176209348_BAG_Redacted
    2. IncidentLogReport-Redacted
    3. SI_176209348_AGR_Redacted
    4. SI_176209348_ADM_Redacted
    5. PETROVA closeout_Redacted
    6. Incident-Redacted

    1. IMG 1
    2. IMG 2
    3. IMG 3
    4. IMG 4
    5. IMG 5
    6. previewDocument
    7. previewDocument (1)
    8. previewDocument (2)

3. The Report of Investigation identified as ROI BO07WE25BO0001-005.

Nadine Pellegrini, Esq.
David Holcomb, Esq.
September 12, 2025
Page 2 of 4

4. The HSI National Security Division "subject report" referenced in and "linked to" ROI BO07WE25BO0001-003.

5. Any and all video or audio recordings and depictions of Ms. Petrova's movements, interactions, and/or statements at Logan Airport in the Customs/baggage areas, Secondary Inspection, and detention.

6. All documents and video or audio recordings concerning or comprising the purported canine alert to Ms. Petrova's luggage.

7. All documents and photographs concerning the food products allegedly found in Ms. Petrova's luggage, and their disposition.

8. Documents that identify the precise time at which Ms. Petrova was "called on the loud speaker," as described in SA Goldsworthy's testimony (Tr. at 16).

9. Copies of the "paperwork" listed as Item 59 in USAO_00614.

10. Any Notice of Seizure concerning items taken from Ms. Petrova by CBP, including without limitation any food products and the alleged "biological materials."

11. Any and all photographs of seized materials not previously produced.

12. All reports of examinations and tests, including workpapers, notes, images, and communications comprising or describing such examinations and tests, of the alleged "biological materials" seized from Ms. Petrova, including without limitation any materials that concern or comprise the factual and legal basis for Dr. Robert Bull's "observation," described in a single sentence of the government's letter dated July 25, 2025, that "the frog embryos are biological materials" and/or his statements to SA Goldsworthy or any other agent conveying a similar conclusion.

13. The CV of Dr. Robert Bull.

14. All documents produced to the government by third parties, including, without limitation pursuant to grand jury subpoenas, and including, without limitation, documents produced by Will Trim and Leon Peshkin.

15. All documents, information, and data extracted from Leon Peshkin's cellular phone, whether obtained in connection with a border search or otherwise.

16. All documents concerning or comprising the "referral" form HSI Domestic Operations Headquarters that caused SA Goldsworthy to open the investigation of Ms. Petrova,

Nadine Pellegrini, Esq.
David Holcomb, Esq.
September 12, 2025
Page 3 of 4

> including, without limitation, emails, texts, and instant messages between or among HSI and other government personnel, including Secretary Noem and White House personnel.

17. All documents and communications that could support an inference that the decisions to initiate criminal investigation and/or prosecution of Ms. Petrova resulted from her exercise of constitutional and/or statutory rights, including without limitation her commencement of the civil action, No. 2:25-cv-00240-cr (D. Vt.), her request for bail while in immigration custody, her application for political asylum, and/or public statements she made concerning her detention.

18. A list of all federal cases in the last 10 years, in this district and nationally, in which a defendant was charged with an offense under 18 U.S.C. § 545, including the name of the defendant and the docket number.

19. A list of all federal cases in the last 10 years, in this district and nationally, in which a defendant was charged with an offense under 18 U.S.C. § 1001 arising from a statement made to U.S. Customs and Border Protection at a port of entry.

20. Data for the last 10 years, in this district and nationally, concerning instances when suspected "biological materials" were seized at a port of entry, including the date of the seizure, description of the material seized, and whether criminal charges were brought.

21. Documents and data concerning or concerning the monthly quantity (by weight or volume or other measure) of food products seized and/or confiscated by CBP at Logan Airport during the last year.

22. Information (regardless of whether or not previously reduced to writing by the government) concerning or comprising exculpatory statements made or information provided by Will Trim during any meeting with prosecutor(s) and agent(s), including the meeting prior to his grand jury testimony on June 12, 2025.

23. The transcript of Will Trim's grand jury testimony on June 12, 2025

24. The legal instructions provided to the grand jury that issued the indictment in this case.

25. All documents and information concerning or comprising i) any written guidance provided in hand to Ms. Petrova; and/or ii) any guidance visible or audible to Ms. Petrova upon her arrival Logan Airport on February 16, 2025, describing any obligation to declare items brought into the United States. Without limitation, we request documentation, still images, and recordings of the "signage at the airport" and "television screen that rotate a message," described by SA Goldsworthy at the probable cause hearing (Tr. at 9) at that would have been visible to Ms. Petrova upon her arrival on February 16, 2025.

Nadine Pellegrini, Esq.
David Holcomb, Esq.
September 12, 2025
Page 4 of 4

26. All documents and information concerning or comprising i) any written guidance provided in hand to Ms. Petrova; and/or ii) any guidance that would have been visible or audible to Ms. Petrova upon her arrival Logan Airport on February 16, 2025, concerning any definition of "biological materials" and/or regulations of their importation into the United States.

27. All written policies or procedures concerning border inspection of travelers by CBP, including without limitation policies and procedures concerning the definitions, inspection, seizure, and disposition of food products, agricultural materials, and biological materials.

28. All written policies or procedures concerning or comprising guidance to CBP concerning whether, how, and when to refer incidents and/or border seizures for criminal prosecution.

29. The policies, procedures, and protocols governing CBP canines and handlers at Logan Airport, along with documents concerning or comprising the certification and training of the canine that allegedly alerted to Ms. Petrova's luggage.

Thank you for your attention to these requests. Please let me know if you have any questions.

Sincerely,

William W. Fick

cc:   Clerk, via ECF (pursuant to Local Rule 116.3(a))