# Exhibit B



U.S. Department of Justice

*Leah B. Foley*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

September 26, 2025

William Fick
Daniel Marx
Fick & Marx LLP
24 Federal Street, 4th Floor
Boston, MA 02110

      Re:    *United States v. Kseniia Petrova*
            Criminal No. 25-10272-LTS

Dear Counsel:

      The government writes in response to your letter dated September 12, 2025, requesting the production of materials and/or information pursuant to Fed. R. Crim. P. 16, the Local Rules, and the Court's order pursuant to Fed. R. Crim. P. 5(f).

      As an initial matter, to the extent certain requests seek material subject to production under *Giglio* or the Jencks Act, they are premature. We will produce *Giglio* materials as required under the Local Rules and applicable law, and we will produce Jencks Act material in advance of trial, in accordance with our typical practice.[1] To the extent your requests seek *Brady* material, we are aware of our obligations and will comply with them.

      **I.**      **A-File**

      Request 1 of your letter seeks a "complete copy" of the defendant's A-File. You have not provided any basis for this request, and we are unaware of any requirement under Fed. R. Crim. P. 16 or otherwise that we provide the defendant's complete A-File at this time. To the extent the defendant's A-File contains any relevant statements by the defendant subject to disclosure under

---

[1] Nonetheless, with respect to requests 14 and 15, the government has already produced to you the communications provided by Will Trim (USAO_000052 to USAO_000589) and obtained from Leon Peshkin's phone (USAO_000048 to USAO_000049).

Fed. R. Crim. P. 16(a)(1), the government has previously produced those statements at USAO_000012 to USAO_000018 and USAO_000021 to USAO_000022.

## II.   Investigative Reports and Charging Determinations

Certain requests in your letter seek information or reports regarding investigative steps or analyses undertaken by the government and/or the government's charging determinations (*e.g.*, requests 2-4, 16-21, and 28).[2] We are unaware of any requirement that we provide such information or compile the data you request, including publicly available information about federal cases.

With respect to request 2, please note that SI_176209348_BAG_Redacted was previously produced to you at USAO_000019 to USAO_000022, and SI_176209348_AGR_Redacted was previously produced to you at USAO_000007 to USAO_000011. Please also note that IMG 1, IMG 2, IMG 3, IMG 4, and IMG 5 were previously produced to you at USAO_000596 to USAO_000600, and previewDocument, previewDocument (1), and previewDocument (2) were previously produced to you at USAO_000611 to USAO_000613.

With respect to request 7 (concerning food products found in the defendant's luggage), we direct you to USAO_000010.

## III.  Video Recordings

The government has obtained additional video recordings that capture portions of the defendant's interactions at Logan Airport on February 16, 2025 after her initial statements to U.S. Customs and Border Protection (CBP) personnel and the discovery of biological samples in her baggage. These video files have been sent to you separately by mail.

## IV.   Dr. Robert Bull

Your letter makes several requests for information concerning the review of the biological samples by Dr. Robert Bull of the FBI Laboratory. The government previously disclosed information pursuant to Fed. R. Crim. P. 16(a)(1)(F) (Reports of Examinations and Tests) in its July 25, 2025 automatic discovery letter. To the extent your requests seek expert witness disclosures pursuant to Fed. R. Crim. P. 16(a)(1)(G), the government will make such disclosures at the time set by the Court. Dr. Bull's CV is enclosed in response to request 13.[3]

---

[2] Request 17 specifically calls for "documents and communications that could support an inference that the decisions to initiate criminal investigation and/or prosecution of Ms. Petrova resulted from her exercise of constitutional and/or statutory rights[.]" We are unaware of any such documents or communications.

[3] Request 9 seeks the chain-of-custody form sent to the laboratory. The government will obtain a current copy of the form to provide to the defense.

### V.    Grand Jury

In response to request 23, enclosed is a transcript of the grand jury testimony of Will Trim on June 12, 2025.[4]

You have provided no statutory or case law authority that requires the government to produce its instructions to the grand jury (with respect to request 24), and we are similarly aware of no such authority.

### VI.    CBP Policies and Procedures

Your discovery letter requests certain CBP policies, procedures, and/or protocols (see requests 27-29). You have not provided any basis for these requests, and we are unaware of any requirement under Fed. R. Crim. P. 16 or otherwise that we produce CBP's internal regulations or guidance at this time. However, please note CBP's public guidance concerning the importation of biological materials into the United States (*e.g.*, https://www.cbp.gov/border-security/protecting-agriculture/importing-biological-materials-united-states, enclosed).

*    *    *

---

[4] Request 22 seeks "exculpatory statements made or information provided by Will Trim" prior to his grand jury testimony. During this brief meeting with Trim and his attorneys, Trim made non-exculpatory statements that he repeated in sum and substance during his subsequent grand jury testimony. *See*, *e.g.*, Tr. at 12:24-25 ("I have no specific knowledge or memory of her definitely bringing anything or not bring[ing] anything."); *id.* at 13:03-04 ("There were no specific conversations to my memory about bringing certain items back."); *id.* at 13:25-14:02 ("I have no specific knowledge of her being asked to bring or not bring anything back."); *id.* at 14:05-06 ("There was no specific knowledge that she was or wasn't bringing anything back."); *id.* at 14:08-10 ("I had a suspicion that Leon may have asked her to bring samples back, but I had no specific information about that beyond a suspicion."); *id.* at 14:18-23 ("I had a suspicion that if he had asked me to take something to Paris, maybe there is a non-zero chance that he would ask her to bring something back. … But I had no specific knowledge that he had done this."); *id.* at 21:17-19 ("If you're asking me as of February 16th, I still, on the day she was coming back, had no knowledge of if she was or wasn't bringing anything back."); *id.* at 26:16-18 ("But again, I was under no impression of her bringing anything back specifically or not and what that might have been.").

3

To the extent other requests are not specifically addressed herein, the government is unaware of responsive materials subject to disclosure at this time. The government is aware of its continuing discovery obligations.

The government renews its request for reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(d).

Please call the undersigned Assistant U.S. Attorneys if you have any questions.

>Very truly yours,
>
>LEAH B. FOLEY
>United States Attorney
>
>By:   */s/ David M. Holcomb*
>      Nadine Pellegrini
>      David M. Holcomb
>      Assistant U.S. Attorneys

4